NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0398n.06

No. 10-3234

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 13, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                )
                                         )
        Plaintiff-Appellee,              )
                                         )
v.                                       )    On Appeal from the United States
                                         )    District Court for the Southern
JOHNNY RAY STATEN, JR.,                  )    District of Ohio
                                         )
        Defendant-Appellant.             )

Before:       BOGGS and KETHLEDGE, Circuit Judges; COLLIER, District Judge.*

        BOGGS, Circuit Judge.  Johnny Staten was convicted of possession of child pornography,

in violation of 18 U.S.C. § 2252(a), and was sentenced to 72 months in prison.  Staten appeals that

sentence, arguing that the district court erred by: (1) misunderstanding its authority to vary from the

Guidelines range; (2) failing to address all of his mitigating arguments; and (3) imposing a

substantively unreasonable sentence.  We reject all three arguments and AFFIRM.

I

        On April 6, 2009, George Howell, an FBI agent, trolled the internet in search of people

sharing child pornography.  Howell encountered an individual identifying himself as "Tribeperson"

who was sharing 51 files with titles suggesting that they contained child pornography.  Howell

_____

        *The Honorable Curtis L. Collier, Chief District Judge for the Eastern District of Tennessee,
sitting by designation.

downloaded 15 videos from Tribeperson, and they all contained scenes of underage boys and girls engaged in sexual activity. Howell later determined that Tribeperson's IP address was assigned to Staten at his Columbus address.

On June 23, 2009, federal officers executed a search warrant at Staten's address and seized his computer. The computer contained the Tribeperson profile name and approximately 50 videos and seven images containing child pornography.

On September 11, 2009, Staten was charged with a two-count information that alleged he possessed child pornography, in violation of 18 U.S.C. § 2252(a), and also that he was subject to a related forfeiture charge under 18 U.S.C. § 2253(a).

On September 24, 2009, Staten entered into a plea agreement with the government. The parties agreed that Staten's offense level was 33 and that he had accepted responsibility. In the agreement, the government indicated that it may file a section 5K1.1 motion if Staten provided substantial assistance in the prosecution of others (Staten had previously assisted federal investigators by allowing them to take over his Tribeperson account). The district court accepted Staten's guilty plea later that day.

Before Staten's sentencing hearing, a United States Probation Officer prepared a Presentence Investigation Report ("PSR"). The PSR reached the same result as the Plea Agreement, calculating Staten's adjusted offense level as 33. After making a 3-level acceptance-of-responsibility adjustment, the PSR concluded that Staten's total offense level was 30. The PSR next noted that Staten had no criminal history and was therefore in criminal history category I. Finally, the PSR calculated the Guidelines range as 97–120 months and recommended a sentence of 72 months'

imprisonment, which reflects a substantial downward variance from the Guidelines range. The PSR justified the below-Guidelines recommendation by referencing Staten's difficult childhood, evidence that he appeared to present a low risk of recidivism, and that this was his first brush with the law.

Both Staten and the government filed sentencing memoranda, and sentencing took place on February 26, 2010. After commencing the sentencing hearing, the district judge thanked both parties for extensively briefing the sentencing issues. Staten first presented the testimony of Dr. Jeffrey Smalldon, an expert in psychological issues relevant to possession of child pornography. Smalldon testified that he had twice interviewed Staten and also administered four inventories and assessments, and that, in his opinion, Staten presented a minimal risk of recidivism. On cross-examination, Smalldon indicated that he could not accurately predict whether Staten would recidivate and that his procedures allowed for some risk of strategic self-reporting.

The parties next debated Staten's primary sentencing argument: that the district court should—or, in the alternative, must—categorically reject the child-pornography guideline because it is not the product of empirical data. The district judge made clear that he had read the briefs on the issue and, after discussing the matter at some length, declined to reject the guideline.

The court expressly analyzed the 18 U.S.C. § 3553(a) factors. The judge noted that Smalldon's testimony was compelling, but recidivism is only one of the relevant factors, and equally compelling were the nature of the crime and the fact that Staten, by distributing child pornography, helped to create a market for the material.

At sidebar, the sentencing judge granted the government's section 5K1.1 motion and reduced Staten's offense level by three, resulting in a total offense level of 27 and a criminal history category

of I. Staten's resulting Guidelines range was 70–87 months in prison. *See* USSG §5A. The court

next sentenced Staten to 72 months in prison, near the bottom of the adjusted Guidelines range.

Finally, the court asked defense counsel whether she had "any objections to the sentence as stated,"

and defense counsel responded in the negative.

Staten filed a timely notice of appeal, and this court has jurisdiction to review the district

court's final judgment. 28 U.S.C. § 1291.

II

A

This circuit has held that a district court possesses the authority to vary categorically from

any of the advisory Guidelines on policy grounds. *United States v. Herrera-Zuniga*, 571 F.3d 568,

584–85 (6th Cir. 2009) (citing *Spears v. United States*, 129 S. Ct. 840, 843 (2009)). However, even

though a district court has the authority to reject the Guidelines, it is not always proper to exercise

that authority, and "we must scrutinize closely any decision to reject categorically the Sentencing

Commission's recommendations." *Id*. at 585.

Where a district judge is unaware of his authority to vary from the Guidelines range due to

a policy disagreement, this court must remand for resentencing unless the record indicates that the

judge would have imposed the same sentence had he understood his authority. *United States v.*

*Johnson*, 553 F.3d 990, 996 (6th Cir. 2009). However, this court will presume that the district court

understood its authority to categorically reject the Guidelines on policy grounds in the absence of

any indication to the contrary, *United States v. Simmons*, 587 F.3d 348, 364 (6th Cir. 2009), at least

where it had the opportunity to consider an argument in favor of such a rejection or its authority to

do so was clearly established at the time of sentencing. *Cf. United States v. Curb*, 625 F.3d 968, 973 (6th Cir. 2010).

Although a district court may choose to reject the Guidelines for policy reasons, if it declines to do so and imposes a within-Guidelines sentence, this court affords that sentence a presumption of reasonableness on appeal—as it does all within-Guidelines sentences—notwithstanding any policy arguments that could have favored a categorical variance below. *See Simmons,* 587 F.3d at 365–66; *United States v. Kirchhof*, 505 F.3d 409, 414 (6th Cir. 2007) (holding that a presumption of reasonableness applies to a sentence within the child-pornography Guidelines, even though they were not promulgated by the Sentencing Commission pursuant to empirical data). Accordingly, the question of whether a district court *may* reject the Guidelines is different from whether it *must* do so.

B

At his sentencing hearing, Staten urged the district court to reject categorically the applicable child-pornography Guideline, USSG §2G2.2, because it was not designed by the Sentencing Commission based on empirical data. The district court declined to do so, and Staten now argues on appeal that the district court's rejection of his argument was not based on the court's conscious decision to stick to the Guidelines, but instead on its ignorance of its authority to do otherwise. We hold that the record does not support this argument.

In general, if a defendant does not raise a procedural objection below, either in the proceeding itself or in response to the district court's *Bostic* question, the alleged error is reviewed under the plain-error standard. *Simmons*, 587 F.3d at 376; *see United States v. Bostic*, 371 F.3d 865, 872 (6th

Cir. 2004). In his appellate brief, Staten asserts—without absolutely no record citation or analysis—that the district court did not ask a *Bostic* question and his claims are therefore subject to the abuse-of-discretion standard of review. Appellant's Br. at 13. However, the record reflects that, after explaining the proposed sentence, the district judge asked Staten's counsel whether she had any objections, and she stated that she had none. Further, the purpose of the district court's question was made unambiguous by the court's introductory explanation. Before stating its sentence, the district court explained, "I will now state the sentence I intend to impose, but Counsel will have a final opportunity to make . . . any legal objections before the sentence actually is imposed." The district court then stated its proposed sentence and asked counsel if she had any objections. It is thus clear that the district court complied with *Bostic*. Accordingly, Staten's argument that the district court misunderstood its authority is preserved for abuse-of-discretion review only if Staten raised the issue earlier in the sentencing proceeding. Although Staten certainly argued that the district court had the authority to reject the Guidelines, Staten never explicitly stated that the district court misunderstood its authority.[1] In any case, we need not make a holding on the matter because Staten's argument fails under even the more favorable abuse-of-discretion standard of review.

---

[1]An argument that the district court should reject the Guidelines is not the same as an objection that the district court misunderstands its authority to do so. *See Simmons*, 587 F.3d at 353, 363. Where a defendant argues in favor of a variance, the district court is not necessarily prompted to explain its understanding of its authority. To be sure, if the district court accepts the argument and rejects the Guideline, it can be inferred that the court believed it had the relevant authority to do so. But if the district court rejects the argument without a detailed explanation, nothing can be inferred—the court may have disagreed with the policy argument, or it may have believed that it lacked the authority to consider it. In that circumstance, the defendant should ask for a clarification if he intends to raise an issue on appeal of whether the court understood the scope of its authority.

Staten's argument hinges on the district court's application of *Kirchhof*. In *Kirchhof*, the defendant argued on appeal that a presumption of reasonableness should not apply to his within-Guidelines sentence because the child-pornography Guideline upon which it was based was produced by "congressional meddling." 505 F.3d at 414. This court held that "it is the prerogative of Congress to fix the sentence for a federal crime," and "it is not the court's role to second-guess" Congress's decision by eliminating the presumption of reasonableness for certain Guidelines, but not others. *Ibid.* Even though a particular Guideline may result in an unreasonable sentence, so long as the sentence is within the applicable Guidelines-range, it is entitled to a rebuttal presumption of reasonableness on appeal. Staten argues that the district court read *Kirchhof* to hold that the district court lacked the authority to categorically reject the child-pornography Guidelines. To the contrary, it is clear that the district court did not read *Kirchhof* to eliminate its discretion to *reject* the Guidelines, but rather to confirm its discretion to *sentence within* the Guidelines, in that *Kirchhof* held that the child-pornography Guideline is not inherently invalid.

At the sentencing hearing, Staten argued that the child-pornography Guideline was not based on empirical data and made two related arguments. First, Staten argued that "it would not be an abuse of discretion for this Court to conclude that [the Guideline] yields a sentence greater than necessary." Second, Staten argued "that a sentence within the . . . guideline range would be greater than necessary which, by definition, would be an unreasonable sentence in this case." The judge initially focused his attention on the second argument, asking whether there is any case holding that a within-Guidelines sentence that is not based on empirical data is "per se unreasonable." It is thus clear that the district court understood Staten's argument to be that an application of the child-

pornography Guideline could never result in a reasonable sentence, and it is in rejecting *that* argument that the district court believed that *Kirchhof* was on-point. Although *Kirchhof* does not speak to Staten's first argument, whether the district court *could* exercise its authority to vary from the Guideline, it does speak to Staten's second argument, which suggested that the Guideline is per se unreasonable and the district court therefore *must* vary. The district court never suggested that it lacked the authority to reject the Guideline, but only that, pursuant to *Kirchhof*, it was not required to do so.

Both Staten and the government explicitly stated at the sentencing hearing that the district court possessed the authority to reject the Guideline if it chose to do so, and the district court did not disagree with those statements. Rather, the district court was concerned with whether the Guidelines would necessarily create an unreasonable sentence because they were not based on empirical data. On that point and in that context, the district court held that *Kirchhof* is controlling, and its discussion of the issue reflects that the court understood that it had the authority to reject the Guidelines if it chose to do so:

> I think it's clear from the Sixth Circuit's pronouncements in *Kirchhof* that Congress does indeed have the right to fix a sentence, as the *Kirchhof* court puts it, for a federal crime and the scope of judicial discretion with respect to a sentence.
>
> As was the case in *Kirchhof*, Mr. Staten does not suggest that the guidelines regarding child pornography are unconstitutional. As the *Kirchhof* court notes, it's not the Court's role to second-guess the legislative determination of appropriate sentences made by Congress. So I find that those factors that all contemplate the reasonableness of the advisory guidelines in the child pornography area all point to the fact that a within-guidelines sentence *may very well be reasonable*.
>
> It certainly is not rendered unreasonable because the commission did not use empirical data. It certainly is not clear that it used no empirical data. It may not have

> used the type of empirical data that it may have used for Hobbs Act violations . . . ,
> but it certainly looked at the congressional record, it heeded a congressional mandate.
> So *I don't find those guidelines presumptively unreasonable*.

(Emphasis supplied).

Although the district court's statement that it is not the court's role to "second guess" the Guidelines is troubling when considered out of context, in the context of the entire record, it is clear that the district court was, consistent with *Kirchhof*, referring to the appeals court and did not believe that the district court lacked the ability to "second-guess" the legitimacy of the Guidelines. The district court's use of the phrase "may very well be reasonable" indicates that the court was considering the question of whether a Guidelines sentence would necessarily be unreasonable, i.e., whether it was *required* to reject the Guidelines. More significantly, the second part of the court's analysis would have been entirely unnecessary had the court believed that *Kirchhof* constrained its *authority* to vary. In that context, the court clearly considered whether it *should* categorically reject the child-pornography Guideline. The court declined to do so, believing the Guideline to be as legitimate as those more clearly based upon empirical data—not because it believed that it lacked the authority to vary.

In his brief, Staten overlooks the fact that he made two arguments in favor of a categorical variance. To be sure, had Staten only made the first argument—that the district court *should* categorically vary—the district court's discussion of *Kirchhof* would be problematic. However, in the context of Staten's second argument—that the district court *must* vary because the Guidelines *necessarily* result in an invalid sentence—the district court's discussion of *Kirchhof* was proper. Notably, the district court also separately considered and rejected Staten's first argument, indicating

that it was well aware of the scope of its authority to categorically reject the Guidelines on policy grounds. Accordingly, Staten's argument to the contrary fails, regardless of the standard of review.

III

A

Although a district court must explain the sentence it has chosen, there is no hard-and-fast rule that it must respond to every argument raised by the defendant. *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (en banc). A district court need not respond to straightforward or frivolous arguments, or to purely legal arguments. *Simmons*, 587 F.3d at 361–62. And within-Guidelines sentences need not be explained with the same level of detail as non-Guidelines sentences. *Vonner*, 516 F.3d at 387. The level of detail required in the court's explanation is case-specific, and the underlying inquiry is "whether the record makes clear that the sentencing judge listened to each argument, considered the supporting evidence, was fully aware of the defendant's circumstances and took them into account in sentencing him." *Ibid*. (internal punctuation and citation omitted). Consistent with this case-specific inquiry, this court has remanded for resentencing where a district court made no reference to a defendant's primary, fact-based argument and imposed a sentence inconsistent with that argument. *United States v. Wallace*, 597 F.3d 794, 803–06 (6th Cir. 2010).

B

At the sentencing hearing, Staten focused on two lines of argument: first, that he was unlikely to recidivate, and second, that the child-pornography Guideline is not based on empirical data and the court therefore should (or, in the alternative, must) reject it. The court discussed both in detail,

and Staten does not argue otherwise. Rather, Staten argues that the district court failed to address four additional arguments that he raised in his sentencing memorandum but did not mention at the hearing. Specifically, Staten argued in his memorandum that: (1) the Guidelines do not adequately separate criminal history category I from other criminal history categories; (2) Staten immediately accepted responsibility for his offenses; (3) Staten is not eligible for an early halfway-house placement; and (4) nationally, district courts frequently impose sentences below the Guidelines range for this type of offense. Appellant's Br. at 16.

The district court stated on multiple occasions that it had read Staten's sentencing memorandum, and Staten's attorney acknowledged the same, arguing at the sentencing hearing that "for [the] reasons [argued at sentencing] and for the rest of the reasons set forth in the sentencing memorandum[,] which I know the Court has read thoroughly and I will not rehash at this point, we believe a sentence of 48 months in prison is appropriate." Further, when given the opportunity to object to the district court's explanation of the sentence, defense counsel was silent, so Staten's inadequate-explanation claim is reviewed only for plain error. Accordingly, Staten must show "(1) error (2) that was obvious or clear, (3) that affected the defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the proceedings." *Vonner*, 516 F.3d at 386 (internal punctuation and citation omitted).

Under the circumstances, the district court's statement that it had read and considered the brief is a sufficient explanation of its sentence as it relates to those arguments. *See United States v. Lafarga*, 395 F. App'x 257, 260–61 (6th Cir. 2010) (district court adequately responded to defendant's arguments at sentencing by referencing the brief that made the same arguments). That

conclusion is punctuated here, where the district court thoroughly discussed the arguments Staten

did raise at the hearing, clearly analyzed the section 3553(a) factors, and imposed a within-

Guidelines sentence. The district court's explanation was an adequate one, and Staten therefore can

not meet even the first element of the plain-error test, that there was in fact an error.

IV

A

Because we hold that Staten's sentence is procedurally reasonable, we may consider its

substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the

extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court's sentence is reviewed under the deferential abuse-of-discretion standard, and

"[t]he fact that [we] might reasonably have concluded that a different sentence was appropriate is

insufficient to justify reversal of the district court." *Ibid*. Further, this circuit affords within-

Guidelines sentences a presumption of reasonableness. *Vonner*, 516 F.3d at 389.

B

Staten has failed to rebut the presumption of reasonableness of his within-Guidelines

sentence of 72 months in prison. Staten argues that a 48-month sentence would have been sufficient

to meet the purposes of sentencing, as set forth in section 3553(a). Staten also points to cases where

defendants who committed similar crimes were given shorter sentences, some as short as one day

in prison, albeit with a ten-year period of extremely restrictive supervised release. *See United States*

*v. Stall*, 581 F.3d 276, 281 (6th Cir. 2009). However, the question on review is not whether the

district court had the authority to impose a shorter sentence, but rather whether the district court was

unreasonable in imposing the sentence that it did. Just as this court has upheld shorter sentences for similar conduct, it has also upheld much longer ones. *See United States v. Sprague*, 370 F. App'x 638 (6th Cir. 2010) (upholding a far-above-Guidelines 360-month sentence for a child pornography conviction). Staten further argues that he is unlikely to recidivate, but even accepting his expert's testimony as definitive, there are other reasons to impose a sentence than to incapacitate the offender, such as deterring others from committing the crime, and Staten's 72-month sentence reasonably balances the many purposes of sentencing, as laid out in section 3553(a). Accordingly, we hold that Staten's sentence is substantively reasonable.

V

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.