McKEAGUE, Circuit Judge,
concurring in part and dissenting in part.
While I agree with the majority that Dennis’s Count 7 and 9 convictions should be affirmed, I do not believe the district court committed a procedural error in sentencing that warrants remand. This is not a case where the district court’s intention is unclear. See United States v. Curb, 625 F.3d 968 (6th Cir.2010). The district court clearly assumed that it had authority to deviate from the advisory guidelines range on policy grounds and correctly recognized that there were no grounds to depart from the lower statutory mandatory minimum with which it complied. Remand is therefore unnecessary. For the following reasons, I respectfully dissent from the analysis in Section III of the majority opinion.
The majority contends that we have “no way of ascertaining” what sentence the *419 district court would have imposed if the district court had been aware of its ability to depart or vary from the sentencing guidelines based on policy considerations. The primary source of concern is the district court’s statement that “[r]eally, there is not much to consider with regard to the drug offense and firearms. I am going to exclude that from the discussion simply because the statute provides the sentence for both of those.” R. 50, Sentencing Tr. at 9. PagelD # 252. When this language is read in context, I believe that it becomes readily apparent that the district court would have imposed the same sentence, even in light of Spears.
To begin, there simply can be no question as to whether the district court was aware of the policy arguments pertaining to the 100:1 crack-powder sentencing disparity. Dennis extensively discussed in his sentencing memorandum the policy reasons for a downward variance from the sentencing guidelines and indicated that the court could deviate from the sentencing guidelines “to avoid unwarranted sentencing disparities among defendants with similar records who have been convicted of offenses involving crack cocaine.” See Def. Sentencing Mem. at 6, 12-19, PagelD # 132, 138^4. To support his contention that a variance was warranted, Dennis cited to the Sentencing Commission’s policy statements and reports, which strongly indicate that crack is punished too heavily in comparison to cocaine, and to numerous circuit and district court cases where courts have varied from the guideline’s range for policy reasons. Id.
Dennis reiterated these same points at the sentencing hearing. As his counsel explained to the court:
I would just like the Court to consider the 18 U.S.C. 3558(a) factors, the disparity, which the argument is set forth in the sentencing memorandum, between crack cocaine and powder cocaine penalties, Your Honor. And I would ask the Court, to seriously consider a 120-month sentence which would represent the statutory minimum mandatory and again is below the advisory guideline range.
R. 50, Sentencing Tr. at 5, PagelD # 248 (emphasis added). All of the evidence before us indicates that the district court in the present case, an experienced district judge, was extensively versed in the policy arguments favoring a downward departure. Additionally, the language above and the other references to the guideline’s advisory nature combined with the court’s express reference to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) indicate that the court knew the guidelines were not mandatory.
When the sentencing transcript is viewed in its entirety, it is clear that the district court never affirmatively stated or even hinted that it believed that the court lacked authority to deviate from the sentencing guidelines on the basis of a policy disagreement. Following Dennis’s request for a 120-month sentence, the court stated, “Ej]ust to be clear, Count 7 and Count 9 each carry five-year consecutive minimum sentences. Counts 2 and 4 do not.” Id. Dennis’s counsel stated that this was correct. As the district court’s statement indicates, even excluding Counts 2 and 4, Dennis would serve 120 months. Thus, by requesting only 120 months, Dennis sought to eliminate any punishment for Counts 2 and 4 beyond the mandatory minimum 120-month punishment for Counts 7 and 9. As the court explained shortly after this exchange:
As we have discussed, Counts 7 and 9 carry mandatory minimum sentences of 60 months for a total of 120. And that’s of some moment to the Court because that would be imposed even if there were no health care fraud or money laundering. That’s a factor that seems to be important in the way this case should *420 be analyzed for the appropriate sentence.
Id. at PagelD # 250-51 (emphasis added). The district court then began its § 3553(a) analysis and indicated that it would first consider the nature and circumstances of the offense. It was only at this moment that the court stated:
Really, there is not much to consider with regard to the drug offense and firearms. I am going to exclude that from the discussion simply because the statute provides the sentence for both of those. The question really becomes, with regard to crafting the right sentence, how to look at the health care fraud and related money laundering issue. There was a lot of money involved. There was a long period of time that the fraudulent billing occurred. The scheme was complex and aggravated.
Id. at PagelD # 252. Contrary to the majority’s suggestion, in no way does the line “there is not much to consider” affirmatively indicate that the court believed it was prohibited from considering policy disagreements as grounds to vary from an otherwise applicable advisory guideline range. Instead, the record clearly shows that the district court was recognizing that the statutory floor imposed a limit on the minimum punishment for Counts 7 and 9. This is why the district court referred to what the “statute provides,” not what the guidelines provide. Id. Under these circumstances, it is clear that the court was only expressing its belief that a sentence of at least 120 months was required for Counts 7 and 9, irrespective of its disagreement with the policy represented by the crack-cocaine ratio and irrespective of its “presumed” authority to vary downward from any otherwise applicable advisory guideline range.
The only question then that remained was what additional punishment should be levied for the money laundering offense and the aggravated and complex health care fraud which cost the federal government $564,630. Effectively, the district court imposed a 37-month sentence for Count 2, Health Care Fraud and Count 4, Money Laundering. Both Counts 2 and 4 are class C felonies and each is punishable by up to 10 years in prison. The district court’s determination that such serious felonies should be punished and require deterrence in their own right, beyond the minimum punishment mandated by Congress for Counts 7 and 9, was not an abuse of discretion, especially considering that Dennis’s overall punishment of 157 months was at the very bottom of the overall advisory guideline range (157 to 180 months) and conformed to the recommendation in the presentence report. Presen-tence Rep. at 21.
In sum, the crack-cocaine disparity issue was thoroughly brought to the sentencing court’s attention, and the district court considered the Sentencing Commission’s policy statements and recognized the advisory character of the guidelines by citing to Booker. The district court did not in any way state or imply that a policy disagreement was not a proper basis to vary and the suggestion that the court’s conduct went “beyond mere silence” misinterprets the record. See United States v. Simmons, 587 F.3d 348, 364 (6th Cir.2008) (“[W]hen a district court observes that the Guidelines are advisory and provides no indication that policy disagreements are not a proper basis to vary, then a sentence within the Guidelines range remains presumptively reasonable on appeal.”).[1] To the contrary, what the district court said that goes beyond “mere silence” indicates that the court assumed it had authority to vary downward and gave defendant Dennis every benefit of his argument by exercising that authority to impose the most *421 lenient prison sentence permitted by law for his cocaine base manufacturing offense. One cannot help but question what magic words the district court, writing before Spears, should have presciently stated to have clarified its cognizance of its authority to deviate on policy grounds, or how the court could have more clearly stated that the statutory minimum of 120 months was the appropriate sentence for the drug and firearms offense even in light of the crack-cocaine policy arguments. Because we are able to ascertain from the record that the district court would have imposed the same sentence even if it were to have expressly recognized what it impliedly assumed, remand for resentencing is a patent waste of judicial time and resources. I therefore dissent.

. I find perplexing the majority’s open ended query, regarding "[wjhether or not the rule *421 from Simmons has any continued viability.” Simmons has not been overturned en banc, and therefore, remains Sixth Circuit precedent. Moreover, the very cases that the majority cites, most notably Curb, extensively discuss Simmons and "harmonize” it with Johnson, rather than erasing the case’s "viability.” See Curb 625 F.3d at 973 (discussing the interaction of Johnson and Simmons). Furthermore, subsequent courts, including the Priester court, have discussed and distinguished Simmons, reflecting the case’s continuing relevance and importance. Priester, 646 F.3d at 952. Any suggestion of Simmons’ demise is premature.