OPINION
KETHLEDGE, Circuit Judge.
In some cases we hold the district court to a standard we would dislike imposing on ourselves. This is such a case. Xavier Priester pled guilty to conspiring to distribute crack cocaine, powder cocaine, and marijuana. The district court sentenced him to a within-Guidelines 180 months’ imprisonment. The court’s explanation as to why it chose that sentence was exemplary — with one exception. The exception is what Priester targets here. He argues, specifically, that the district court failed to recognize that it had the authority to “vary categorically” from the crack-cocaine guidelines in choosing Priester’s sentence. The existence of that authority was made clear in a Supreme Court case—Spears v. United States, 555 U.S. 261, 265-66, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009) (per curiam) — that was itself decided after the district court sentenced Priester. So we have the benefit of that decision, whereas the district court did not. Having parsed the sentencing transcript, we agree with Priester that the district court appeared unaware of the authority that the Supreme Court expressly announced months later. And thus — on the admittedly unfair ground of insufficient clairvoyance — we vacate Priester’s sentence and remand the case for resentencing.
The facts leading up to Priester’s conviction are irrelevant to this appeal, save for the fact that his case is a mine-run federal-drug one. So we cut to the sentencing hearing. We have two principal issues before us. The first is our standard of review, which depends on whether Priester argued to the district court what he argues to us now. His argument now, to use the language of Spears, is that the district court failed to recognize its authority “to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines.” Id.
Our determination whether Priester made that argument to the district court does not depend on whether he used the same language that the Supreme Court later used in Spears. It depends instead on whether Priester conveyed the substance of what he argues now. Here is what his counsel said at the hearing:
Likewise, Your Honor, although it’s taken into account in the calculations of the sentencing guidelines, this conviction involved both — several substances, but both crack cocaine and powder cocaine. And we all have heard and we all know about the hundred-to-one ratio, which more or less is still applicable under the guidelines, which we feel, that is my client Mr. Priester and I, is unfair that the Court can take into consideration in fashioning a sufficient and just sentence. [Emphasis added.]
This statement adequately conveyed the substance of Priester’s argument. He *952 cites the 100:1 crack-cocaine ratio and says that the ratio is “unfair.” He does not say that the ratio would merely yield an unfair sentence in his case — which, in essence, would be a sentence-specific argument based on the Supreme Court’s decision in Kimbrough v. United States, 552 U.S. 85, 110, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) (“it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence ‘greater than necessary’ to achieve § 3553(a)’s purposes”). Instead, Priester says that the ratio itself is “unfair,” and that the court can take that unfairness “into consideration” in fashioning Priester’s sentence. That is a decent paraphrase of the Supreme Court’s later holding that a district court can categorically reject the ratio on policy grounds and then fashion a defendant’s sentence accordingly. See Spears, 555 U.S. at 265-66, 129 S.Ct. 840.
Thus we review the district court’s treatment of this argument for procedural reasonableness rather than plain error. See United States v. Harmon, 607 F.3d 233, 236 (6th Cir.2010). Here is what the district court said about the 100:1 ratio:
And although [Priester’s counsel] properly points out that the hundred-to-one ratio for crack cocaine is still largely in play in the guidelines, as the most recent version of the guidelines were used to calculate the drug quantity here, which means that in partial deference to crack cocaine issues opened by the Supreme Court and the Sentencing Commission itself, two points were reduced from the calculation that would otherwise have applied properly because of the set of drugs involved here. [Emphasis added.]
The district court says two things of significance in this passage. We take them in reverse order. The court observes that the “most recent version of the guidelines” — referring to the November 2007 amendments to the Guidelines’ crack provisions — resulted in a two-point reduction of Priester’s base offense level. That is simply a statement of historical fact, rather than a recognition of any authority. The court’s other observation — the more important one here — -is that the 100:1 ratio “is still largely in play in the guidelines[.]” Notably, the court does not say that it could take the ratio out of play.
These comments go beyond mere silence as to whether the district court knew that it had the authority to reject the 100:1 ratio outright. Instead, they reflect an assumption that the court did not have that authority. The essence of Spears’s holding is that a district court can take the 100:1 ratio out of play, up front, before even determining whether the ratio yields an overlong sentence in a particular case. Here, the district court expressly stated that the ratio was in play — and then the court moved on to other issues. To say, on this record, that the court silently recognized its later-announced authority in Spears, but chose not to exercise that authority, would be mere fiction.
These facts put this case in a different posture from others in which we have decided the same general issue. In both United States v. Johnson, 553 F.3d 990 (6th Cir.2009), and United States v. Curb, 625 F.3d 968 (6th Cir.2010), the district courts had been silent as to whether they had the authority later expressly granted to them in Spears. We remanded for re-sentencing in light of Spears. In United States v. Simmons, 587 F.3d 348 (6th Cir. 2009), we affirmed the defendant’s sentence on plain-error review. There, the defendant did not make a Spears-type argument in the district court, and the district court itself said nothing about the *953 issue. Neither of those circumstances is present here.
Cases are better decided on reality than on fiction. The reality here is that we have no reason to think — and affirmative reason not to think — that the district court knew what was coming in Spears. And Spears is now binding precedent for this case. The lawful result, and the sensible one, is to remand the case to allow the district court to decide for itself whether Spears would make any difference to the sentence the court thinks appropriate in this case.
Priester’s sentence is vacated, and the case remanded for proceedings consistent with this opinion.